

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,867-01

### EX PARTE ANTHONY D. WEAVER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. D-1-DC-06-206278-A IN THE 331ST DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of attempted harassment by a person in a correctional facility and sentenced to 1 year imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because defense counsel told him he could "take the case and go home," and if the complainant was later "found in the wrong," Applicant could re-open the case. Applicant also states that counsel advised him that, if he did not accept the plea offer, it could take months to go to trial and he might not get out of jail in time for the birth of his son. Additionally, Applicant avers that counsel did not contact or call Applicant's witnesses who

could verify that the complainant hit Applicant, and counsel did not ask other officers about the incident or wait to see the Police Monitor's report which sustained all of Applicant's allegations against the complainant. Applicant alleges that defense counsel failed to properly investigate this case.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims. Additionally, the trial court shall enter findings regarding laches. *Carrio v. State,* 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez,* 398 S.W.3d 206 (Tex. Crim. App. 2013).[1] Further, the court shall determine whether Applicant suffers

---

[1] Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith,* 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").

any collateral consequences resulting from this conviction.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: February 26, 2020
Do not publish